# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

———————

No. 19-20529
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
April 14, 2020

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff - Appellee

v.

DAVID HERNANDEZ JAIMES, also known as Constancio Sanchez,

Defendant - Appellant

———————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:19-CR-201-1

———————

Before BARKSDALE, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

David Hernandez Jaimes, who has committed over ten immigration violations, challenges his above Sentencing Guidelines sentence of, *inter alia*, 60-months' imprisonment, imposed for his being illegally present in the United States, in violation of 8 U.S.C. § 1326(a),(b)(1). He asserts his sentence represents a clear error in judgment by the district court in balancing the sentencing factors in 18 U.S.C. § 3553(a).

---

[*] Pursuant to 5th Cir. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.

Although post-*Booker*, the Guidelines are advisory only, the district court must avoid significant procedural error, such as improperly calculating the Guidelines sentencing range. *Gall v. United States*, 552 U.S. 38, 46, 51 (2007). If no such procedural error exists, a properly preserved objection to an ultimate sentence is reviewed for substantive reasonableness under an abuse-of-discretion standard. *Id.* at 51; *United States v. Delgado-Martinez*, 564 F.3d 750, 751–53 (5th Cir. 2009). In that respect, for issues preserved in district court, its application of the Guidelines is reviewed *de novo*; its factual findings, only for clear error. *E.g.*, *United States v. Cisneros-Gutierrez*, 517 F.3d 751, 764 (5th Cir. 2008). No procedural error is claimed.

Hernandez asserts his sentence fails to account for his advisory Guidelines sentencing range of 24-to-30-months' imprisonment. The court, however, considered that range and "remain[ed] cognizant" of the Guidelines in determining the sentence. *See Gall*, 552 U.S. at 50 n.6. The court adopted the Guidelines calculation in the presentence investigation report and emphasized Hernandez' being in the highest criminal-history category, with a point total well above the threshold for that category.

In that regard, Hernandez contends his sentence gives undue weight to his criminal history because: none of his prior offenses were violent; none involved drug trafficking; only two were felonies; and one of the felonies was nearly a decade old at sentencing. The court, however, properly relied on Hernandez' criminal history, including the non-trafficking drug offenses and other "relatively mild transgressions", and thereby did not abuse its discretion by relying on an improper or irrelevant sentencing factor. *United States v. Smith*, 440 F.3d 704, 709–10 (5th Cir. 2006).

Hernandez also invokes Application Note 7 to Guideline § 2L1.2 (unlawfully entering or remaining in the United States) to assert his sentence

is unreasonable for failing to account for his time spent in state prison after immigration authorities located him.  Note 7, however, instructs courts to consider a downward departure to account for such time in state custody only if a departure "is not likely to increase the risk to the public from further crimes of the defendant".  U.S.S.G. § 2L1.2 cmt. n.7.  In that regard, the court determined an upward variance was necessary in part to protect the public from additional crimes by Hernandez.

Nor does Hernandez show an abuse of discretion by stating his 60-month sentence was a dramatic increase from his previous sentences for immigration offenses or by asserting that, for reasons concerning the mothers of his children in the United States, he has less of an incentive to return to the United States than in the past.  Such assertions amount to a disagreement with the court's balancing of the sentencing factors, to which we defer.  *See Gall*, 552 U.S. at 51–52.

Finally, Hernandez asserts his sentence is unreasonable because the upward variance negated the effect of a two-level adjustment for acceptance of responsibility.  The court, however, followed proper sentencing procedure by first calculating the correct advisory Guidelines sentencing range and then making an individualized assessment regarding whether the § 3553(a) factors supported a variance from that range.  *See id*. at 49–50.

AFFIRMED.